UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY LAMELL EZELL,

               Petitioner,

    v.

UNITED STATES OF AMERICA,

               Respondent.

CASE NO. C17-255RSM

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

Before the Court is Petitioner's second or successive 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Petitioner Terry Lamell Ezell challenges the 262-month sentence imposed on him by this Court following his conviction for possession of cocaine base with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(l)(B)(iii) and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(l) and 924(e). *Id.* at 4. Petitioner challenges his sentence on the basis that the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies retroactively to his case and requires that the Court resentence him. This is Mr. Ezell's fourth § 2255 motion;

all of his prior § 2255 motions were denied. *Id*. at 5-7. After full consideration of the record, and for the reasons set forth below, the Court DENIES Mr. Ezell's § 2255 motion.

## II. BACKGROUND

Mr. Ezell was charged in his underlying criminal case with possession of crack cocaine with Intent to Distribute, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii) (Count 1); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c) (Count 2); and being a felon in possession of a firearm as an armed career criminal, in violation of 18 U.S.C. §§922(g)(1) and 924(e) (Count 3). Case No. 2:05-cr-00273-RSM, Dkt. #79. On March 10, 2008, following a bench trial, the Court acquitted Mr. Ezell of Count 2, but convicted him of the remaining charges. Case No. 2:05-cr-00273-RSM, Dkts. #108 and #112.

Mr. Ezell's sentencing took place on July 11, 2008. Case No. 2:05-cr-00273-RSM, Dkt. #118. Given the amount of crack cocaine at issue in Count 1, Ezell faced a 5-year mandatory minimum sentence, and a maximum sentence of 40 years. 21 U.S.C. §841(b)(1)(B)(iii) (2005). Mr. Ezell's felon-in-possession charge in Count 3 normally carries a 10-year maximum sentence. 18 U.S.C. §924(a)(2). However, if subject to sentencing under ACCA, Ezell faced a 15-year mandatory minimum, and a maximum sentence of life. 18 U.S.C. §924(e)(1).

In its sentencing memoranda the government urged that Mr. Ezell's criminal history rendered him a career offender under the Guidelines, given his conviction of a controlled substance offense in Count 1. Case No. 2:05-cr-00273-RSM, Dkts. #114 and #116. The government also argued Mr. Ezell was subject to sentencing under the ACCA for his felon-in-possession conviction in Count 3. *Id.* To qualify as a career offender, a defendant must have two prior convictions for a "crime of violence or a controlled substance offense," USSG

§4B1.1(a), while a defendant needs three prior convictions for "a violent felony or a serious drug offense" to qualify for sentencing under ACCA. 18 U.S.C. §922(e)(1).

The government identified four prior Washington State convictions that met these definitions:

1) 1994 conviction for Assault in the Second Degree and Burglary in the First Degree;

2) 1991 conviction for Assault in the Second Degree;

3) 1987 conviction for Burglary in the Second Degree, involving a personal residence;

4) 1987 conviction for Burglary in the Second Degree, involving a church.

Case No. 2:05-cr-00273-RSM, Dkts. #114 and #116. Mr. Ezell's 1994 second-degree assault conviction was for assault with a deadly weapon, in violation of RCW 9A.36.021(1)(c), and his 1991 second-degree assault conviction was for an intentional assault resulting in substantial bodily harm, in violation of RCW 9A.36.021(1)(a). The government argued that Mr. Ezell's assault convictions were categorically violent felonies/crimes of violence under the elements clause of ACCA and USSG §4B1.2(a)(1), and also argued, in the alternative, that these convictions were qualifying predicates under ACCA's and Former USSG §4B1.2(a)(2)'s residual clauses. Case No. 2:05-cr-00273-RSM, Dkt. #114 at 4-5, 8-9, 13-14. Regarding Mr. Ezell's burglary convictions, the government argued the *Shepard* documents showed these convictions matched ACCA's generic definition of burglary under the modified categorical approach, and also argued that they were violent felonies under ACCA's residual clause. *Id.* at 5-8, 9-12. The government further argued that the 1994 first-degree burglary conviction and the 1987 second-degree burglary conviction involving a residence matched Former USSG §4B1.2(a)(2)'s generic crime of burglary of a dwelling under the modified categorical

approach, and the 1987 second-degree burglary conviction involving a church was a crime of violence based on the residual clause. *Id.* at 13-14.

At sentencing, the Court determined that Ezell should be sentenced under the ACCA and as a career offender. Case No. 2:05-cr-00273-RSM, Dkts. #130 at 33. The Court determined Ezell's second-degree assault convictions were categorically crimes of violence/violent felonies, *id.* at 29, and, after reviewing the *Shepard* documents, the Court found Ezell's second-degree burglary convictions qualified under the modified categorical approach, *id.* at 29-33. While the Court made these rulings "for the reasons basically set out in the probation officer's presentence report, and the government's memorandum," *id.* at 33, the Court did not explicitly rely on the residual clause, nor did the Court make any findings about Ezell's first-degree burglary conviction, *see id.* at 29-33.

Adopting the Probation Office's calculation, the Court set Mr. Ezell's total offense level at 34 and placed him in Criminal History Category VI, resulting in an advisory Guidelines range of 262 to 327 months. *Id.* at 33. The Court imposed a 262-month prison term, followed by 5 years of supervised release. *Id.* at 36-38. A little over two weeks later the Court entered an amended judgment clarifying that concurrent 262-month sentences had been imposed on Counts 1 and 3. Case No. 2:05-cr-00273-RSM, Dkt. #123.

Mr. Ezell subsequently filed his direct appeal arguing, *inter alia*, that the Court erred in finding his two second-degree burglary convictions were violent felonies, and thus that the ACCA-enhanced sentence imposed on Count 3 was illegal. *See* Opening Brief, *United States v. Ezell*, 9th Cir. Case No. 08-30265. Mr. Ezell did not dispute that he was properly found to be a career offender for Guidelines purposes, nor did he claim there was any problem with the concurrent 262-month sentence imposed on Count 1. *See id.* On June 15, 2009, the Ninth

Circuit affirmed Mr. Ezell's conviction and sentence. *United States v. Ezell*, 337 F. App'x 623 (9th Cir. 2009). The Court held that, applying the "modified categorical approach," it was clear Ezell's second-degree burglary convictions "were generic burglaries of 'buildings' under the ACCA." *Id*. at 624. As such, the Court "conclude[d] that he is an armed career offender under the ACCA." *Id*. The Supreme Court denied Ezell's petition for certiorari. 559 U.S. 917 (2010).

Mr. Ezell has subsequently filed several §2255 petitions, all of which have been denied.

In June of 2016, based on the U.S. Supreme Court decisions in *Johnson*, *supra*, and *Welch v. United States*, 136 S. Ct. 1257 (2016), Mr. Ezell filed the instant § 2255 motion with this Court. Dkt. #1. The Ninth Circuit authorized this second or successive § 2255 motion on February 17, 2017. Dkt. #5.

### III. DISCUSSION

**A. Legal Standard**

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). That section provides, *inter alia,* that a motion is timely if it is filed within one year of the underlying judgment or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f).

28 U.S.C. §2244(b)(4) provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." This statute applies in §2255 proceedings, *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164 (9th Cir. 2000), and precludes the Court from granting relief on any claim not based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, unless petitioner is making a claim of actual innocence of the crime of conviction. *See* 28 U.S.C. §§2244(b)(2), 2255(h)(2); *Villa-Gonzalez*, 208 F.3d at 1164.

**B. Mr. Ezell's Motion**

Mr. Ezell has filed a second or successive § 2255 petition, and does not claim he is actually innocent of his narcotics or felon-in-possession convictions.[1] Dkt. #1. Therefore, the Court must determine whether his claims are based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

As noted above, Petitioner's motion to vacate cites the Supreme Court's decision in *Johnson v. United States*, *supra*. In *Johnson*, the Supreme Court ruled on a section of the Armed Career Criminal Act ("ACCA") known as the "residual clause," which provided a definition of "violent felony." Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces a mandatory minimum sentence of 15 years if he has three prior convictions for "violent felonies." 18 U.S.C. § 924(e)(1). The ACCA residual clause provided that a violent felony was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme

---

[1] Mr. Ezell does, however, claim that he is "actually innocent of being an Armed Career Criminal" and "actually innocent of the designation as a career offender under the Sentencing Guidelines." Dkt. #1 at 9 and 12.

Court held that this clause was "unconstitutionally vague." 135 S. Ct. at 2557. In doing so, the Court necessarily found the clause "vague in all its applications," *id.* at 2561, and concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law," *id.* at 2557. Subsequently, in *Welch v. United States*, the Court held that *Johnson* applies retroactively to defendants whose sentences were enhanced under the ACCA's residual clause. 136 S. Ct. at 1265.

### a. Count 1 Career Offender Enhancement

The Government argues that Mr. Ezell's sentence under Count 1 was not based on the residual clause and that this is fatal to his claim. Rather, the Court deemed his prior assault convictions to be categorical crimes of violence under USSG §4B1.2(a)(1)'s elements clause, and his burglary convictions were found to meet the definition of "burglary of a dwelling" in Former USSG 4B1.2(a)(2) by employing the modified categorical approach. Dkt. #8 at 15. The Government argues that "while Ezell advances a variety of arguments for why, in light of *Descamps* and *Mathis*, his predicate convictions purportedly do not qualify as crimes of violence under USSG §4B1.2(a)(1)'s elements clause or as the enumerated offense of 'burglary of a dwelling' under Former USSG §4B1.2(a)(1) [citing Dkt. #3 at 16-36], these claims cannot be a basis for relief in this second §2255 motion…. [because] *Descamps* and *Mathis* are cases about statutory construction, not constitutional holdings, and thus claims based on those decisions are not cognizable in a second §2255 motion." *Id.* (citing 28 U.S.C. §§2244(b)(2)(A), 2244(b)(4), 2255(h)(2); *Ezell*, 778 F.3d at 766-67). On Reply, Mr. Ezell argues that "the mere fact that a claim rests on *Johnson II* does not mean that courts should ignore Supreme Court precedent and forego the three-part analysis outlined in *Descamps* and *Mathis*." Dkt. #12 (citing *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867-68 (9th Cir. 2015)).

The Government also argues that even if Mr. Ezell could demonstrate that the Court relied on Former USSG §4B1.2(a)(2)'s residual clause when evaluating his predicate convictions, he would still not have a viable *Johnson* claim pertaining to his career offender adjudication for Count 1 given *Beckles v. United States*, 137 S. Ct. 886 (2017), which holds that *Johnson* does not invalidate the residual clause in Former USSG §4B1.2(a)(2). On Reply, Mr. Ezell concedes this point and drops this claim as to his career offender enhancement. Dkt. #12 at 1 n.1. Accordingly, Mr. Ezell will not be resentenced as to Count 1.

### b. Count 3 ACCA Enhancement

The Government begins by noting that this challenge is "academic" because even if successful on this claim, Mr. Ezell would still face the concurrent 262-month sentence imposed for his narcotics conviction, Count 1. Dkt. #8 at 16. The Government argues that it should fail regardless because:

> The record makes clear the Court did not rely on ACCA's residual clause in evaluating Ezell's burglary convictions, but rather relied on the *Shepard* documents and the modified categorical approach, and a fair reading of the record also supports the conclusion that the Court found Ezell's assault convictions are categorically violent felonies under ACCA's elements clause. And, even if Ezell could show the Court relied on the residual clause in evaluating his assault convictions, any such error would be harmless because those convictions are indeed violent felonies under ACCA's elements clause.

*Id*. at 18.

The Government argues that Petitioner's motion is procedurally barred because he failed to raise this issue at sentencing or on direct appeal. *Id*. (citing *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998); *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Petitioner's claim is thus procedurally defaulted unless he can "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."

*Id.* (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). The Government argues there was no "cause" based on ineffective assistance of counsel because Petitioner's current claim was futile at the time. *Id*. at 18-19. The Government next goes on to argue at length that Mr. Ezell cannot show that the ACCA's residual clause played a prejudicial role at his sentencing, and that he is required to meet this burden to proceed. Dkt. #8 at 22 (citing, *inter alia*, *Simmons v. Blodgett*, 110 F.3d 39, 42 (9th Cir. 1997); *Williams v. United States*, C16-0939RSM, Dkt. #12 at 5-7; *In re Henry*, 757 F.3d 1151, 1162 (11th Cir. 2014)). The Government argues that:

> With respect to Ezell's two second-degree burglary predicates, the record is crystal clear: the Court conducted a modified categorical analysis on the record and concluded, after reviewing the *Shepard* documents, that these convictions were violent felonies because they met ACCA's generic definition of burglary. CR_130 at 29-32.[2] The Court never mentioned the residual clause when evaluating these convictions, and the Ninth Circuit's ruling on Ezell's direct appeal confirms the Court's ruling was that these convictions "qualify as 'burglaries' under the modified categorical approach." *Ezell*, 337 F. App'x at 624.

*Id.* at 24. Although the Court reviewed presentencing reports that mentioned the residual clause, the Government argues that "[b]ecause the Court expressly ruled that Ezell's burglary convictions were violent felonies because they met ACCA's generic definition of burglary under a modified categorical analysis, the Court's actual ruling shows the Court did not rely on the residual clause in evaluating those convictions." *Id*. at 25. The Government goes on to argue that, even if Mr. Ezell could show that the Court relied on the residual clause, any such error would be harmless, thus barring Mr. Ezell's §2255 claim. *Id.* (citing *United States v. Montalvo*, 331 F.3d 1052, 1057-58 (9th Cir. 2003)). The Government argues that Mr. Ezell must show, but

---

[2] Case No. 2:05-cr-00273-RSM, Dkt. #130 at 29-32.

cannot, that the prior convictions at issue do not independently qualify as violent felonies under another provision of the ACCA. *Id*. at 26-37.

Mr. Ezell argues that he can show cause and actual prejudice. Dkt. #12 at 3-9 (citing, *inter alia*, *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Mr. Ezell argues that he should be able to proceed on an actual innocence claim, not because he can show factual innocence, but because he "is 'actually innocent[ of being an armed career criminal because he received a sentence, and was improperly designated as an armed career criminal, for which he was statutorily ineligible." *Id*. at 9-11. Mr. Ezell argues that the Court should apply the same logic as it did in *Kilgore v. United States*, 2016 WL 7180306, at *4-*5 (W.D. Wash. Dec. 9, 2016), to find that Petitioner does not bear the burden to prove reliance on the residual clause when the record was silent. *Id*. at 23. Mr. Ezell argues why his *Johnson* claim is not academic given the recent holding in *Dean v. United States*, 137 S. Ct. 1170 (2017).

The Court agrees with Mr. Ezell that he can show cause and prejudice to get over the first procedural bar cited by the Government based on this Court's prior reading of *Bousley* and *Reed*. However, the Government is also correct that Mr. Ezell must still show that the ACCA's residual clause played a prejudicial role at his sentencing, and that he has failed to do. *See Simmons, supra*. Although the Court has applied the *Brecht/O'Neal*[3] standard in prior cases where it was unclear if the Government relied on the now-unconstitutional residual clause, *see Kilgore supra*, this case is factually distinct. The record is silent on whether the Court explicitly considered the residual clause at sentencing. Although the Court agrees with Petitioner that the benefit of the doubt should accrue to the Petitioner, unlike in *Kilgore*, there is no doubt that the Court could

---

[3] *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995).

have reached the guidelines range conclusion that it did without reliance on the now-unconstitutional residual clause for the reasons stated by the Government. Mr. Ezell's actual-innocence-without-factual-innocence argument is not supported by Ninth Circuit precedent and will not serve to overcome the lack of prejudice above.

### c. Certificate of Appealability

A defendant may not appeal a decision denying a motion under 28 U.S.C. §2255 without obtaining a certificate of appealability. 28 U.S.C. §2253(c)(1)(B). The decision whether to grant a certificate of appealability must be made by this Court in the first instance. *See* Ninth Circuit Rule 22-1(a); *see also* Fed. R. App. P. 22(b)(1). To obtain a certificate of appealability, the defendant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If any of the defendant's claims are found procedurally defective, he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Given the potential application of the *Brecht/O'Neal* standard above and Mr. Ezell's arguments why his motion is not academic, the Court finds that Mr. Ezell has advanced a colorable claim for relief, upon which reasonable jurists could disagree, and that he is therefore entitled to a certificate of appealability.

### IV. CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED.

2. Petitioner is GRANTED a Certificate of Appealability in this matter.

3. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 8 day of August 2017.

						RICARDO S. MARTINEZ
						CHIEF UNITED STATES DISTRICT JUDGE